UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRETT FUIKS, GEOFFREY HOWELL, and KENNETH CHAPMAN,<br><br>    Plaintiffs,<br><br>  v.<br><br>CONNOR MCCLANAHAN,<br><br>    Defendant. | Case No. 4:26 CV 190 CDP |

### MEMORANDUM AND ORDER

This newly filed case is before me for review of subject matter jurisdiction. *See Thomas v. Basham*, 931 F.2d 521, 522-23 (8th Cir. 1991) (every federal court has a special obligation to consider its own jurisdiction sua sponte). Plaintiffs assert that this Court has diversity jurisdiction over this contract dispute involving an agreement with defendant to invest and manage cryptocurrency for them. Diversity jurisdiction requires complete diversity of citizenship among the parties and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a). Because the complaint's allegations regarding the parties' citizenships and the amount in controversy are not sufficient for me to determine whether § 1332(a)'s requirements have been met, I will give plaintiffs 14 days to file an amended complaint that – if possible – cures the deficiencies in the jurisdictional allegations.

In support of their assertion that the parties are completely diverse, plaintiffs allege that they are individuals "residing in" Nevada and Washington and that defendant is an individual who "is or was a resident of the State of Missouri." ECF 1 ¶¶ 1-4. For purposes of diversity jurisdiction, however, an allegation of where an individual resides is insufficient to establish that person's citizenship. *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (explaining that a complaint must allege an individual's citizenship, not residence, to establish diversity jurisdiction). Additionally, the equivocal allegation that defendant "is or was" a resident of Missouri makes it unclear whether he was a Missouri citizen at the time the complaint was filed. *See Freeport-McMoran, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (in determining whether diversity jurisdiction exists, courts must look to the parties' citizenships as they existed at the time the action was filed). Thus, in the amended complaint, plaintiffs must adequately allege the citizenships of the parties at the time they filed the complaint.

As for the amount in controversy, plaintiffs initially allege that it "exceeds $75,000," ECF 1 ¶ 6, but they later allege that they have been damaged in excess of either $15,000, *id.* ¶¶ 31, 42, 55, 61, or $25,000, *id.* ¶¶ 37, 68. These varied allegations regarding damages make it unclear whether the amount-in-controversy requirement has been satisfied, and the allegations about the number of bitcoins involved in this case do not clarify matters because there is nothing in the

complaint indicating the price of bitcoins in dollars at any given time.  Some of the complaint's vagueness regarding the amount in controversy is understandable given plaintiffs' allegations that defendant made transactions without their approval and failed to provide an accounting of the cryptocurrencies he was managing for them.  Plaintiffs must, however, allege sufficient facts in the amended complaint for me to find that the amount in controversy exceeds $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that on or before **February 24, 2026**, plaintiffs shall file an amended complaint that properly alleges this Court's subject matter jurisdiction.  Failure to timely comply with this Order may result in this action being dismissed without prejudice for lack of subject matter jurisdiction.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2026.